# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BRUNSON ROBERTS,
ADC #127841                                                                                    PLAINTIFF

V.                              5:14CV00054 BSM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                              DEFENDANTS

## ORDER

Defendants have filed a Motion for Summary Judgment arguing that they are entitled to judgment, as a matter of law, because Plaintiff failed to exhaustion his administrative remedies. *Docs. 22, 23, & 24.* In that Motion, Defendants rely on grievances MX13-1077, MX13-1340, MX13-1865, and MX13-2400. *Id.* However, Defendant's summary judgment papers do not include copies of any of those grievance or refer to where they may be found in the record. To rule on the Motion for Summary Judgment, the Court must have the complete administrative record for each of those grievances.[1] *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (the failure to exhaust administrative remedies is an affirmative defense that must be *proven* by the defendants) (emphasis added); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005)

---

[1] By "complete administrative record," the Court means: (1) Plaintiff's informal resolution and grievance form; (2) the Warden's decision; (3) Plaintiff's appeal; and (4) the ADC Assistant Director's final ruling.

(same); *Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (a court is not required to sift through the record to find evidentiary support for a party's position).

IT IS THEREFORE ORDERED THAT Defendants must file**, within seven days of the entry of this Order**, a Supplemental Brief that includes copies of the entire administrative record for grievances MX13-1077, MX13-1340, MX13-1865, and MX13-2400.

Dated this 16th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE